*D. E. Williamson* and *J. A. Matson*, for appellant.

*S. Claypool*, for appellee.

———————◆———————

THE STATE *v.* ROLLINS.

INDICTMENT.—LARCENY.—An indictment for larceny, charging the stolen goods to be the property of "the overseers of the poor for the county of *K.*," was held to be bad.

SAME.—If the property belonged to the township trustee, who is *ex officio* overseer of the poor, in his individual right, his name should have been given.

APPEAL from the *Knox* Circuit Court.

RAY, J.—This was an indictment for grand larceny. The

chattel which was the subject of the theft was alleged to be the property " of the overseers of the poor in said county of *Knox*, for the use of the poor then and there being found." A motion to quash was sustained. There was no error. The overseer of the poor is the township trustee. 1 G. & H., § 7, p. 638. If it was intended to aver that the property belonged to that individual, in his own right, the name of the person should have been given. In his official capacity he could not hold the property, as overseer of the poor. The law imposes upon each county the duty to relieve and support all poor and indigent persons lawfully settled therein, and provides the method of raising money for that purpose. *Id.*, § 4, p. 494. The personal goods that may be purchased for the benefit of the persons described become the property of the county.

The judgment is affirmed.

*D. E. Williamson*, Attorney General, for the State.